## Jones v. Railroad.

### (*Nashville.* March 3, 1900.)

RAILROADS. *Liability for killing live stock.*

An action cannot be maintained, under Acts 1891, Ch. 101, making railroads liable for the killing of stock on their unfenced track, upon proof that the stock was killed by falling into an unfenced cut. To justify recovery under this Act, the proof must show that the stock was killed by a "moving train or engine or cars."

Act construed: Acts 1891, Ch. 101.

---

#### FROM PUTNAM.

---

Appeal in error from Circuit Court of Putnam County. A. W. Boyd, Sp. J.

Dunn, Holladay & Bockman for Jones.

O. C. Conatser for Railroad.

Caldwell, J. B. L. Jones brought this suit under Chapter 101 of the Acts of 1891, to recover from the Nashville & Knoxville Railroad Company the value of a young colt alleged to have been killed upon the defendant's unfenced track. The Justice of the Peace before whom

the suit was commenced rendered judgment in favor of the plaintiff for $20, the adjudged value of the colt, and for $10 as a fee for his attorney.

On appeal the Circuit Judge, trying the case without the intervention of a jury, found the matters in controversy in favor of the defendant, and dismissed the plaintiff's suit, and from that judgment the plaintiff has appealed in error.

The action of the trial Judge was undoubtedly correct, because the animal in question, though killed upon defendant's unfenced track, was not injured by a moving train, engine, or car, but came to its death by falling over a steep bank upon the track.

In constructing its road through the plaintiff's farm, the defendant made a cut seventy feet deep, and the plaintiff's colt, while at large on his premises, fell from the top to the bottom of this cut upon the rails and crossties of the track, and was killed by the fall, without any injury from any train of the defendant.

In a stipulation submitted to the Court in lieu of oral testimony, it is recited, in substance, that but for the failure and refusal of the defendant to inclose its track by erecting a fence along the line of the top of the cut, the colt would not have fallen into the cut, and would not have been killed; and, therefore, it is insisted on be-

half of the plaintiff that such dereliction on the part of the defendant was the proximate and efficient cause of the colt's death, and rendered the defendant liable for its value.

It may be that the animal would not have been killed if the defendant had fenced the cut, but it does not follow that the plaintiff is entitled to maintain this suit. The statute invoked (Secs. 1 and 2, Ch. 101, Acts 1891), has no application in such a case. It only declares that a railroad company shall be liable for the value of live stock killed upon its unfenced track when the killing "is caused by any moving train, or engine, or cars." The unfenced condition of the track is of no consequence, under the statute, unless the injury is inflicted by a moving train, engine, or car.

Let the judgment be affirmed.